IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IN RE: | : | Case No. 3:12-MC-22 |
| CARESOURCE MANAGEMENT GROUP CO., | | District Judge Thomas M. Rose<br>Magistrate Judge Michael J. Newman |
| Movant. | : | |
| SAGEBRUSH SOLUTIONS, LLC, | : | |
| Plaintiff, | : | United States District Court for<br>Northern District of Texas |
| vs. | | |
| | | Case No. 3:11-cv-00182-F |
| HEALTH MANAGEMENT SYSTEMS, INC., | : | |
| Defendant. | : | |

**ORDER GRANTING MOVANT CARESOURCE MANAGEMENT GROUP'S
MOTION TO QUASH (DOC. 1)**

This matter is now before the Court upon a motion to quash a subpoena filed by CareSource Management Group ("CareSource"). CareSource challenges a subpoena issued by Sagebrush Solutions, LLC ("Sagebrush"), the plaintiff in a lawsuit pending in the United States District Court for the Northern District of Texas, Dallas Division: *Sagebrush Solutions, LLC v. Health Management Systems, Inc.*, Case Number 3:11-CV-182-F.[1] CareSource is not a party to that litigation. (CareSource was originally named as a defendant, but was dismissed for lack of personal jurisdiction. *See* doc. 6 at PageID 35 n.1.)

---

[1] The Texas litigation concerns a subcontract dispute between Sagebrush and HMS. *See* doc. 6-1. HMS entered into a contract with CareSource to identify, validate and collect overpayments that CareSource made to healthcare providers. *See id.* HMS, in turn, subcontracted with Sagebrush to perform the work for CareSource. *See id.* Sagebrush claims that it was not properly compensated for its work. *See id.*

The subpoena issued to CareSource contains sixteen document requests and sixteen written deposition questions. *See* doc. 1-1. CareSource moves to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A) on two grounds: (1) the subpoena requires disclosure of privileged and protected information; and (2) the subpoena is unduly burdensome. *See* doc. 1. The Court has carefully reviewed the memoranda and filings in this matter including CareSource's motion to quash (doc. 1); Sagebrush's memorandum in opposition (doc. 6); CareSource's reply memorandum (doc. 7); Sagebrush's surreply memorandum (doc. 12); the Declaration of Edith Marshall, counsel for Health Management Systems, Inc. ("HMS") (the defendant in the Texas litigation) (doc. 13); and all the exhibits attached to these filings. Furthermore, on December 7, 2012, the Court held a lengthy telephone conference during which counsel for CareSource, Sagebrush and HMS were given a full opportunity to make their arguments for or against the motion to quash.

Having fully considered the matter, the Court agrees with CareSource that the subpoena, as currently drafted, is unduly burdensome and grants the motion to quash on that basis. The Court finds that Sagebrush has failed to establish its need for the broad range of documents requested in the subpoena in order to justify the imposition of such an undue burden to a non-party. The Court further finds that the subpoena is unwarranted because many of the documents requested in the subpoena have been, or will be, produced to Sagebrush by HMS.

**I.**

"Whether a subpoena imposes an 'undue burden' upon a witness is a case specific inquiry that turns on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.' *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132,

136 (S.D. Ohio 1999) (citations omitted). "Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure." *Id.* (citations omitted). The party seeking to quash a subpoena bears the burden of proof. *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). Nevertheless, the party who issued the subpoena has the burden of "establish[ing] a need for the breadth of the information sought in response to [a non-party's] *prima facie* showing that the discovery [would be] burdensome."[2] *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 423-24 (6th Cir. 1993). "Although a plaintiff should not be denied access to information necessary to establish [its] claim, neither may a plaintiff be permitted to 'go fishing.'" *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citation and internal quotations omitted). The trial court has broad discretion in determining the proper scope of discovery. *Lewis*, *infra* note 2, 135 F.3d at 402.

## II.

In support of its motion to quash, CareSource submits the Affidavit of Janet Grant, who has been employed as its Corporate Compliance Officer for the past ten years. Doc. 1-2 ¶ 1. Ms. Grant estimates that it will take 1,000 hours of employee time to prepare the documents requested in the subpoena. *Id.* ¶ 4. In response to that assertion, Sagebrush does not attempt to justify its expansive sixteen document requests; nor does it attempt to limit the number or the

---

[2] Relevance for discovery purposes is "quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Nonetheless, a court "must limit the frequency or extent of discovery otherwise allowed by these rules" if the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). The party seeking discovery has the burden of demonstrating its relevance. *Am. Elec. Power*, 191 F.R.D. at 136.

scope of those requests.[3]  *See* doc. 6 at PageID 41.  Rather, it simply alleges that the motion to quash should be denied as being unduly burdensome because CareSource had failed to satisfy its burden of proof.  *See id.*  Further, in its first responsive memorandum, Sagebrush provides no explanation as to how its document requests are potentially relevant to the Texas litigation or why it cannot obtain the requested documents directly from HMS.  *See id.*  In its surreply, Sagebrush explains the relevance of the time periods in one document request (Document Request 3),[4] but fails to mention the relevance as to any other document requests.  *See* doc. 12 at PageID 94-95.  Accordingly, Sagebrush has failed to establish its need for the information sought in the subpoena in response to CareSource's *prima facie* showing that the discovery would be burdensome.  *See Katz*, 984 F.2d at 423-24.  *Accord Hendricks*, 275 F.R.D. at 253-56 (granting a motion to quash because the information sought was irrelevant and/or overly broad).

Moreover, the Court will not impose on non-party CareSource the burden of producing documents that are apparently available to Sagebrush from HMS.  Edith Marshall, counsel for HMS, avers that all but two document requests served on CareSource are "redundant o[r] verbatim or virtually verbatim [to] … and appear[] to be largely 'cut-and-pasted' from the document requests to HMS."[5]  Doc. 13 ¶ 7.  (This same argument was raised during the telephone hearing, and was not refuted by Sagebrush.)  Ms. Marshall further avers that HMS has produced "a significant number of documents" to Sagebrush, has been regularly supplementing its document production as additional documents are identified, and continues to search for proper and responsive documents.  *Id.* ¶¶ 10-16.

---

[3] During the oral arguments, Sagebrush suggested that it could significantly limit its document requests. However, Sagebrush made no such indication of this possibility in its filings with the Court.

[4] The Court notes that CareSource did not have an opportunity to respond to this argument in writing because it was a made in a surreply.

[5] Ms. Marshall claims the two document demands that were not previously made on HMS (Document Requests 1 and 2) "do not appear to have any relevance or discernible connection" to the Texas litigation. Doc. 13 ¶ 9.

Under these circumstances, the Court finds that Sagebrush must first establish that it cannot obtain the discoverable information from its party-opponent before subpoenaing those documents from a non-party. It is not CareSource's obligation to determine which documents have, or have not, been produced to Sagebrush by HMS. Accordingly, Sagebrush's subpoena should not be enforced as currently drafted. *Accord Musarra v. Digital Dish, Inc.*, No. 2:05-cv-545, 2008 U.S. Dist. LEXIS 115789, at *11 (S.D. Ohio Oct. 30, 2008) (refusing to impose the burden of producing documents on a non-party when they were available from a party to the litigation); *Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-mc-13, 2008 U.S. Dist. LEXIS 10649, at *12-13 (N.D. Ohio Feb. 13, 2008) (granting a motion to quash subpoena, in part, because "the vast majority of the relevant documents" could have or had been produced by a party to the litigation).

In conclusion, the Court finds that the factors weigh in favor of quashing the subpoena as unduly burdensome. *See Am. Elec. Power Co.*, 191 F.R.D. at 136. *See also* Fed. R. Civ. P. 45(c)(3)(iv). First, Sagebrush has failed to establish its need for the information. Second, the document requests are overbroad; cover long time periods (*e.g.,* four to six years); and could have been described with more particularity. Third, the subpoena would impose a significant and undue burden on non-party CareSource.

In light of this ruling, the Court need not entertain CareSource's arguments that the subpoena seeks privileged and protected matter. The Court notes, however, that the lack of a Protective Order is an additional reason, at this juncture, to deny Sagebrush's discovery demands on CareSource.

## III.

The Court **GRANTS** CareSource Management Group's motion to quash (doc. 1). Plaintiff's counsel is **ORDERED** to provide a copy of this Order to counsel for Health Management Systems, Inc.


January 3, 2013                                          s/ **Michael J. Newman**
                                                         United States Magistrate Judge